# IN THE COURT OF APPEALS OF IOWA

No. 18-1153
Filed June 19, 2019

**ARNOLD D. GRICE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.


The applicant appeals from the denial of his second application for postconviction relief. **AFFIRMED.**


Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.


Considered by Potterfield, P.J., May, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BLANE, Senior Judge.**

Arnold Grice appeals from the denial of his second application for postconviction relief (PCR) following his 2007 convictions for three counts of sexual abuse in the third degree and one count of delivery of cocaine to a minor. Here, Grice raises three issues that he also raised to the second PCR court. He maintains his first PCR counsel was ineffective in failing to raise the issues his trial counsel was ineffective for not adequately explaining the strength of the evidence against him, which led him to reject a favorable plea agreement, and for not raising a conflict-of-interest issue. Grice also maintains trial counsel was ineffective for failing to further investigate the DNA evidence against him.

The PCR court denied each of Grice's claims. The court did not consider the merits of Grice's DNA claim, as it was untimely made. Grice's second application for PCR was filed in December 2015, more than three years after procedendo issued on his direct appeal—in February 2010. *See* Iowa Code § 822.3 (2015) (requiring PCR applications to be filed within three years of procedendo issuing). The court considered the merits of Grice's two claims first PCR counsel was ineffective in failing to raise issues of trial counsel's effectiveness. *See Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018) ("[W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR

action."). Still, the PCR court concluded Grice failed to prove his claims of ineffective assistance, as he did not establish trial counsel breached an essential duty, thereby eliminating any alleged error on the part of first PCR counsel for not raising the issue. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

Having considered each of Grice's claims, the corresponding record, and the law at issue, we affirm the PCR court's denial of Grice's claims without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**